**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | 17 Cr. 444 (RMB) |
| - against - | : | |
| | : | **DECISION & ORDER** |
| CARLOS TORRES, | : | |
| Defendant. | : | |

---------------------------------------------------------------x

      This Decision & Order resolves Defendant Carlos Torres's pro se motion for compassionate release, dated January 7, 2021 ("Compassionate Release Motion" or "Motion"). For the reasons stated below, Mr. Torres's Motion is respectfully denied.[1]

### I. Background

      On November 29, 2017, Torres, who at the time was 43 years of age, pleaded guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). Plea Hr'g Tr. at 20:24-21:7. Torres's offense level was 23; his criminal history category was III; and his Sentencing Guidelines range was 57 to 71 months. Sentencing Tr. at 3:3-8. On March 5, 2018, the Court sentenced Torres to 68 months' imprisonment, to be followed by 3 years of supervised release. Id. at 24:6-8.

      Torres is incarcerated at FCI Schuylkill in Minersville, Pennsylvania. He has served 47 months or approximately 69% of his 68-month sentence. His projected release date is April 26, 2022. Inmate Database, BOP.

### II. Torres's Motion for Compassionate Release

      Torres's Motion contends that: **(i)** "[he] is prediabetic which is a CDC high risk medical condition." Def. Reply at 5; **(ii)** "there's about 200 cases of COVID-19 here at FCI Schuylkill" and "it's a matter of course [before] I will get sick." Def. Mot. at 1; **(iii)** "[he has] never received any behavioral infractions . . . and he has a low recidivism score which [] indicates [he] is [a] minimal threat to society."

---

[1] **Any issues or arguments raised by the parties but not specifically addressed in this Decision and Order have been considered by the Court and rejected.**

1

Id. at 2; Def. Reply at 7; and **(iv)** "[he has] completed over 75% of [his] sentence and . . . has demonstrated that he is serious about his rehabilitation. . . . He has completed numerous rehabilitative programs, and has been working as the #1 emergency plumber at [FCI Schuylkill]." Feb. 18, 2021 Ltr. at 2; Def. Reply at 5, 7.[2]

On March 4, 2021, the Government filed its opposition to Torres's Motion. (The Government also submitted at the Court's request Torres's BOP medical records, dated June 28, 2017 to April 22, 2021.) The Government counters that: **(i)** "[Torres's] medical records do not indicate that [he] suffers from any comorbidity recognized by the CDC that would render [him] susceptible to severe COVID-19 symptoms . . . . Accordingly, he has not established extraordinary and compelling reasons justifying his release." Gov. Opp. at 5; **(ii)** "[a]s of March 4, 2021, FCI Schuylkill has 15 inmates who are positive with COVID-19. . . . Torres does not come close to satisfying the high bar for relief." Id.; **(iii)** "his conviction for a crime of violence and his recidivism score . . . do not justify a reduction in [his] sentence." Id. at 5-6; and **(iv)** "the § 3553(a) factors do not support Torres' release given that he committed an incredibly serious crime while on supervised release following a lengthy term of incarceration for a drug trafficking crime." Id. at 1.

## III. Legal Standard

"[T]he submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020).

"When considering an application under § 3582(c)(1)(A)(i), a court may reduce a defendant's sentence only if it finds that 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Beniquez*, 2021 WL 260225, at *2 (S.D.N.Y. Jan. 26, 2021). "The defendant has the burden to show he is entitled to a reduction." *United States v. Ebbers*, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020).

---

[2] Torres's Motion includes a letter from a BOP staff psychologist, dated January 13, 2021, which states: "[Torres] has reported significant interest in rehabilitation" and "his participation in [BOP] programming . . . was consistently active and appropriate." Def. Mot. Ex. A at 1. It also includes a supplemental letter, dated February 18, 2021, advising "that a lot of inmates in [his] unit [were] sick [with COVID-19]," Feb. 18, 2021 Ltr. at 2, and a reply brief dated March 22, 2021.

"[I]n deciding a compassionate release motion . . . [t]he Court [] looks to § 1B1.13 for guidance in the exercise of its discretion." *United States v. Rodriguez*, 2020 WL 7640539, at *3 (S.D.N.Y. Dec. 23, 2020). "The district court has the discretion 'to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release.'" *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

"[T]he Section 3553(a) factors and the danger [a defendant] poses to the community override any extraordinary and compelling reasons justifying his release." *United States v. Serrano*, 2020 WL 5259571, at *4 (S.D.N.Y. Sept. 3, 2020); *United States v. Roney*, 833 F. App'x 850 (2d Cir. 2020).

**"[C]ourts in this circuit have found that vaccination mitigates the risk an inmate faces from COVID-19 to the point that . . . he does not face an extraordinary risk from COVID-19."** *United States v. Kosic*, 2021 WL 1026498, at *3 (S.D.N.Y. Mar. 17, 2021) (emphasis added).

## IV. Findings

The Court finds as follows:

1. Torres is fully vaccinated against COVID-19. He received the first dose of the Pfizer/BioNTech vaccine on March 30, 2021 and the second dose of the vaccine on April 20, 2021. See BOP Medical Records Ex. D at 47.

2. Torres has not contracted COVID-19. He was tested for the virus as recently as February 16, 2021 and March 2, 2021, and his results were negative. Id. at 45.

3. Torres was "diagnosed . . . [with] prediabetes" in June 2019 and his blood sugar level was approximately 123 mg/dL.[3] See BOP Medical Records Ex. C at 112-13, 142. "[P]rediabetes [is] not on the list of conditions that the Centers for Disease Control ('CDC') has identified as causing, or even possibly causing, increased risk for severe disease if one contracts COVID-19." *United States v. Tucker*, 2021 WL 252819, at *2 (S.D.N.Y. Jan. 26, 2021). FCI Schuylkill medical personnel regularly

---

[3] "Prediabetes is a serious health condition where blood sugar levels are higher than normal, but not high enough yet to be diagnosed as type 2 diabetes. . . . A fasting blood sugar level of 99 mg/dL or lower is normal, [whereas] 100 to 125 mg/dL indicates [] prediabetes." See Diabetes Basics - Prediabetes, CDC.

3

have been monitoring Torres's prediabetes, e.g., on October 7, 2019, September 14, 2020, and January 8, 2021. BOP Medical Records Ex. C at 19; BOP Medical Records Ex. D at 15, 21.

4. As of April 28, 2021, 520 FCI Schuylkill inmates had been fully vaccinated. See COVID-19 Vaccinations, BOP.

5. FCI Schuylkill appears to have been able to control COVID-19. As of April 28, 2021, there was one active COVID-19 case at FCI Schuylkill, out of a total inmate population of 1,048. COVID-19 Cases, BOP; *United States v. Richer*, 2021 WL 1553827, at *2 (W.D.N.C. Apr. 20, 2021).

## V. Analysis

### (1) Exhaustion of Administrative Remedies

Torres has exhausted his administrative remedies. On December 1, 2020, Torres wrote a letter to the Warden of FCI Schuylkill requesting that "[he] be recommended to serve the remainder of [his] sentence on home confinement . . . based on concerns about COVID-19." Def. Reply at 3-4; Def. Reply Ex. A at 1. On December 4, 2020, the Warden denied Torres's request, stating: "After a complete review of your circumstances, we have determined you are not suitable for home confinement at this time. Specifically, your current crime of violence and recidivism score of 'Low' disqualifies you from home confinement priority placement.[4] Consequently, your request for home confinement based on concerns about COVID-19 is denied." Def. Reply Ex. A at 1; *see also United States v. Sanchez-Olivo*, 2021 WL 1440260, at *1 n.2 (S.D.N.Y. Apr. 16, 2021).

### (2) No Extraordinary and Compelling Circumstances

Torres has not met his burden of proving extraordinary and compelling circumstances to support his early release, as follows:

---

[4] An inmate's "recidivism score" "predicts whether [an inmate] is at high, medium, low, or minimum risk for reoffending based on several characteristics, or 'risk factors.'" PATTERN Interactive Tool, Urban Institute. In response to the COVID-19 pandemic, the U.S. Attorney General has instructed the BOP that "inmates who have anything above a minimum [risk recidivism] score [are] not [to] receiv[e] priority treatment [for] . . . home confinement." Prioritization of Home Confinement, Attorney General.

**First**, Torres is fully vaccinated. See BOP Medical Records Ex. D at 47. "[C]ourts in this circuit have found that vaccination mitigates the risk an inmate faces from COVID-19 to the point that . . . he does not face an extraordinary risk from COVID-19." *United States v. Kosic*, 2021 WL 1026498, at *3 (S.D.N.Y. Mar. 17, 2021); *see also United States v. Pabon*, 2021 WL 603269, at *4 (S.D.N.Y. Feb. 16, 2021) ("The fact that [the defendant] had received both doses of the COVID-19 vaccine means that the likelihood that [he] will contract COVID-19 and become seriously ill is extremely small. He thus has failed to meet his burden of showing . . . an 'extraordinary and compelling' reason justifying his early release."). And, in the unlikely event that Torres were to contract COVID-19, his prediabetes is not "among the underlying conditions that the CDC has identified as presenting an increased risk of serious illness [and] . . . do[es] not satisfy the extraordinary and compelling standard." *United States v. Cajigas*, 2020 WL 6625210, at *2 (S.D.N.Y. Nov. 11, 2020); *see also United States v. Cummings*, 2021 WL 354957, at *2 (S.D.N.Y. Feb. 2, 2021) ("[defendant] does not . . . suffer[] from any particular medical condition that puts him at heightened risk of serious illness were he to contract COVID-19. . . . On the facts presented here, [defendant] has failed to meet the 'extraordinary and compelling' standard.").

**Second**, Torres has not contracted COVID-19 and "it is highly unlikely he will contract COVID-19." *United States v. Pabon*, 2021 WL 603269, at *3 (S.D.N.Y. Feb. 16, 2021). Over 500 inmates out of 1,048 at FCI Schuylkill had been vaccinated as of April 28, 2021 which, combined with Torres's own vaccinations, will reduce Torres's risk of infection. *United States v. Frame*, 2021 WL 1338822, at *3 (S.D.N.Y. Apr. 8, 2021) ("With fellow inmates now being vaccinated, [defendant's] risk of []infection is diminishing." (citation and alterations omitted)).

And, the fact that there were approximately 200 COVID-19 cases at the time that Torres filed his Motion, while there is currently one active COVID-19 case, COVID-19 Vaccinations, BOP, "support[s] the conclusion that [FCI Schuylkill] has managed the risk in an acceptable manner." *United States v. Sewell*, 2021 WL 733823, at *5 (N.D. Ind. Feb. 24, 2021); *see also United States v. Ferguson*, 2021 WL 1105228, at *3 (D. Conn. Mar. 23, 2021).

**(3) The § 3553(a) Factors Weigh Against Compassionate Release**

A sentence reduction in Torres's case would be inconsistent with the § 3553(a) sentencing factors. As the Court stated at Torres's sentencing, a 68-month sentence was appropriate "given the seriousness of the offense, the need [to] . . . promote respect for the law, provide[] a just punishment, . . . afford[] adequate deterrence to criminal conduct, [and] protect the public from further crimes." Sentencing Tr. at 22:25- 23:10; *see also United States v. Rice*, 2020 WL 4505813, at *4 (S.D.N.Y. Aug. 5, 2020).

**First**, Torres's s underlying crime -- felon in possession of ammunition -- was very serious. On June 21, 2017, Torres "pulled up in a car on the opposite side of the street[,] . . . reached into his waistband for a firearm and said to the Victim, 'I told you I'm going to f%cking catch you.'" PSR ¶ 7. Torres then "fired two rounds [at the victim], one of which struck the Victim in the arm." Gov't Opp. at 1. "It was an intentional shooting and but for the defendant's gun jamming, [Torres] may have continued shooting until he killed the victim." Id. at 5. At sentencing, the Court stated: "This is the most reckless kind of behavior you could ever imagine. . . . Some kid on the street, some baby even, might have gotten killed from this." Sentencing Tr. at 12:16-18.

In *United States v. Gonzalez*, 2020 WL 3428137 (S.D.N.Y. June 23, 2020), the defendant was convicted of being a felon in possession of a firearm an offense which -- much like Torres's offense -- involved "fir[ing] a gun at [an] individual[] at mid-day on a . . . residential street." *Id.* at *3. In denying compassionate release, the court stated: "a substantial sentence was necessary to reflect the seriousness of the offense and . . . that [] remains true today. The defendant's offense conduct in this case was extremely serious [and] . . . weighs against immediate release." *Id.*; *see also United States v. Jones*, 2021 WL 535801, at *2 (S.D.N.Y. Feb. 12, 2021).

**Second**, Torres has a significant criminal history, including state convictions for third degree criminal possession of a weapon, third degree burglary, and third degree attempted possession of a forged instrument. PSR ¶¶ 32-34. In 2005, Torres was also convicted of conspiracy to distribute and possess with intent to distribute more than 10 kilograms of heroin and was sentenced to 151 months of imprisonment.

Id. ¶ 35. Granting Torres early release would not "reflect the seriousness of the offense," "afford adequate deterrence to criminal conduct," or "promote respect for the law." Sentencing Tr. at 22:25- 23:10.

In *United States v. Cekaj*, 2021 WL 1373363 (S.D.N.Y. Apr. 12, 2021), the defendant had a criminal history not dissimilar to Torres's, which included "distribut[ing] large quantities of narcotics [and] possess[ing] firearms." *Id.* at *2. The court in *Cekaj* determined that: "Defendant's criminal history and history of violence has not been . . . abated by the long prison sentences he has received in the past for his offenses. . . . reducing his sentence would undermine the gravity of the offense and the need for deterrence." *Id.* (citation and alterations omitted); *see also United States v. Serrano*, 2020 WL 5259571, at *4 (S.D.N.Y. Sept. 3, 2020) ("[R]eleasing [defendant] . . . [would] militate against the goals of deterrence and respect for the law.").

**Third**, Torres committed the underlying offense in this case while on supervised release. Gov't Opp. at 5; PSR ¶ 37. And, this was not the only time he committed a crime while under supervision for a prior offense. E.g., while he was on probation for committing third degree criminal possession of a weapon, Torres committed the crime of third degree burglary and had his probation revoked. PSR ¶¶ 32-33. And, while Torres was on supervised release for conspiracy to distribute and possess with intent to distribute heroin, he was arrested for driving under the influence of alcohol, resulting in the modification of the conditions of his supervision to include alcohol treatment and 90 days of Location Monitoring. Id. ¶ 35. Torres's commission of crimes while under federal and state supervision suggests that early release from prison would pose a danger to the community and would fail to protect against further crimes.

In *United States v. Tyson*, 2020 WL 3451694 (D. Conn. June 24, 2020), the defendant similarly "engaged in the underlying crime while on supervised release under a sentence [previously] imposed by the court." *Id.* at *3. The *Tyson* court held: "All of this suggests that [defendant] continues . . . to present a substantial risk of recidivism and a danger to the public, [and] his sentence [is] . . . one that [i]s essential to . . . protect the public." *Id.*; *see also United States v. Liebert*, 2020 WL 3412906, at *2 (S.D.N.Y. June 22, 2020).

7

**Finally**, the Court acknowledges and commends Torres's efforts at utilizing resources available to him in prison to better himself, including, among other things, his participation in the BOP's "Anger Management group," "Criminal Thinking group," and "Non-Residential Drug Treatment Program." See Def. Mot. Ex. A at 1. The Court encourages Torres to continue to pursue programs that would aid in his rehabilitation. *See United States v. Carter*, 2020 WL 3051357, at *3 n.7 (S.D.N.Y. June 8, 2020).

## VI. Conclusion & Order

The Government's request to file Exhibits A-D (BOP medical records) under seal is granted. The Defendant's Compassionate Release Motion [Dck. # 40] is respectfully denied.

Dated: New York, New York
April 28, 2021

_____
**RICHARD M. BERMAN, U.S.D.J.**